UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>TENNESSEE VALLEY AUTHORITY,<br><br>　　　　　　　　　Defendant. | Civil Action No.:_____ |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

**INTRODUCTION**

1.　　This suit challenges the Tennessee Valley Authority's ("TVA") violations of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *as amended*, in connection with two FOIA requests from the Center for Biological Diversity ("Center").

2.　　The Center is a non-profit public interest advocacy organization dedicated to the protection of species and the environment, with a long history of advocacy concerning TVA's fossil fuel energy generation assets. In 2021, the Center submitted two FOIA requests seeking important records concerning the TVA Board and its Executive's communications and consideration of studies and reports concerning these assets, and the potential for TVA to transition to cleaner energy sources.

3.　　Although the FOIA requires agencies to disclose factual data and other portions of records that do not reveal agency deliberations, TVA is withholding in their entirety thousands of pages of these records considered by TVA executives. TVA also asserts that there are no responsive records related to TVA's Board members.

1

4. Accordingly, by this suit the Center seeks relief directing TVA to comply with the FOIA by conducting an adequate search for responsive records; releasing non-exempt portions of any otherwise exempt records; and adequately demonstrating why any records or portions of records that continue to be withheld are exempt from disclosure under FOIA.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 2201, and 5 U.S.C. § 552(a)(4)(B).

6. Venue lies in this judicial district pursuant to 5 U.S.C. 552(a)(4)(B) and 28 U.S.C. § 1391(e)(1).

## PARTIES

7. Plaintiff Center for Biological Diversity ("the Center") is a national, non-profit conservation organization with offices throughout the United States, including in the Southeast. The Center has more than 1.7 million members and online activists who care about the country's urgent need to expedite the renewable energy transition and protecting human health, the natural environment, and species from the ravages of the climate emergency and environmental degradation. The Center's Energy Justice Program focuses on environmental and energy justice in the new renewable energy system, and specifically fights to decarbonize the utility sector—including TVA.

8. The Center has been actively engaged on advocacy concerning TVA for years, including participating in TVA's planning processes for its future energy generation needs. The Center also shares information obtained about TVA with the public through its website, *see, e.g.,* https://www.biologicaldiversity.org/campaigns/TVA-Can-Lead-the-Way/, press releases, social media and other publications.

9. The Center brings this action on its own institutional behalf and on behalf of its members, more than 800 of whom are TVA ratepayers. This includes the Center's more than 700 members who live in Tennessee. By failing to search for and provide nonexempt records, and portions of records, responsive to the Center's two FOIA Requests, TVA is injuring the Center and its members by denying information to which the Center and its members are statutorily entitled. The Center and its members are also injured because TVA's failure to provide the requested records hampers the Center's ability to engage in its advocacy programs on behalf of its members, and forces the Center to spend organizational resources that could be preserved if TVA provided the requested records.

10. Defendant Tennessee Valley Authority is an agency of the United States, created by and existing pursuant to the Tennessee Valley Authority Act of 1933, 16 U.S.C. § 831, *et seq.*, *as amended.* TVA is an "agency" within the meaning of the FOIA, and is therefore subject to FOIA's requirements. 5 U.S.C. § 551(1). TVA has possession or control of the records requested in the two FOIA requests at issue in this suit.

## STATUTORY BACKGROUND

11. FOIA's basic purpose is for government transparency. It establishes the public's right to access all federal agency records with certain narrow exceptions. 5 U.S.C. § 552(b)(1)-(9).

12. FOIA imposes strict deadlines on federal agencies when they receive requests, providing that within 20 working days an agency must determine if it will release requested records and notify the requester of its determination and the reasons therefor, and the right to appeal an adverse agency determination. *Id.* § 552(a)(6)(A)(i).

13.     FOIA requires each agency to make reasonable efforts to search for records in a manner reasonably calculated to locate all records responsive to the FOIA request. *Id.* § 552(a)(3)(C)-(D). The cut-off date for the agency's search is the date that the agency conducts the search and not any earlier date.

14.     FOIA requires federal agencies to expeditiously disclose requested records, *see id.* § § 552(a)(3)(A), (a)(6)(C)(i), and places the burden on the agency to prove that it may withhold responsive records from a requester. *Id.* § 552(a)(4)(B). Even where records may be exempt from disclosure, FOIA expressly requires agencies disclose reasonably segregable portions of those records. *Id.* § 552(b).

15.     FOIA provides that the U.S. district courts have jurisdiction "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B).

## FACTS GIVING RISE TO PLAINTIFF'S CLAIMS

**A.      Plaintiff's FOIA Request Concerning the TVA Board**

16.     On July 9, 2021, the Center submitted to TVA a FOIA request for all records, including email records, between any Board member and any official from a specific list of outside organizations, that concern a specific list of energy-related matters. To make TVA's search as complete as possible, the FOIA request identified the email terms for each organization and listed the specific search terms at issue.

17.     In particular, the FOIA requested:

> From January 1, 2019 to the date that TVA conducts this search for records: all records of communications between 1) one or more TVA Board of Directors members and 2) any employees of the groups in LIST A below mentioning any of the terms listed in LIST B below.
>
> **LIST A:** Edison Electric Institute (@eei.org); Nuclear Energy Institute

4

(@nei.org); American Gas Association (@aga.org); Utility Air Regulatory Group (@uarg.org ); Utility Water Action Group (@uwag.org); Utility Solid Waste Action Group (@uswag.org); American Public Power Association (@PublicPower.org); Energy and Wildlife Action Coalition (@energyandwildlife.org); Electric Power Research Institute (@epri.com); Armstrong coal company (@armstrongcoal.com); Peabody Energy (@peabodyenergy.org); Duke Energy (@duke-energy.com); Progress Energy (@progress-energy.com)

**LIST B**: Renewable Energy Standard; Clean Energy Standard; rooftop solar; distributed solar; community solar; Southern Alliance for Clean Energy; Center for Biological Diversity; Memphis Light, Gas and Water; Integrated Resource Plan; Combined Cycle Combustion Turbine (CC); Simple Cycle Combustion Turbine (CT); baseload power; intermittency, reliability, cross-subsidy; and climate change.

18. On August 18, 2021 TVA responded to this FOIA request by informing the Center that the agency "did not locate any communications responsive to your request." TVA's letter informed the Center that it could appeal the decision within ninety days.

19. On September 13, 2021, the Center administratively appealed TVA's response, explaining that TVA had failed to adequately explain the search it conducted or the basis for its conclusion that TVA had no records responsive to the request.

20. On October 12, 2021, TVA denied the Center's administrative appeal, asserting that the agency had searched TVA Board members "TVA email accounts" and found no responsive records. TVA provided no additional details concerning its efforts to search for responsive records.

**B.     The Center's FOIA Request Concerning TVA Executives**

21. On July 9, 2022, the Center also submitted to TVA a FOIA Request for all reports, data or summaries that had been created or reviewed by any of four high-level TVA executives on a series of energy-related topics.

5

22. In particular, the FOIA requested:

From January 1, 2019 to the date that TVA conducts this search for records: all reports, data, or summaries of reports or data, created or obtained by Jeff J. Lyash, Sue Collins, Michael D. Skaggs, or John M. Thomas III about the following topics:

1. The costs or benefits of replacing coal generation with new gas generation (including Combined Cycle Combustion Turbine or Simple Cycle Combustion Turbine) and/or solar generation (including rooftop, distributed, or community solar);

2. TVA's decision to create the Customer Generator rate class;

3. The "power supply flexibility" provisions for Distributors (including Memphis Light, Gas and Water) in the most recent LPC contracts;

4. The relationship between TVA's remaining fossil fuel assets and the decarbonization goals set out in President Biden's Executive Order on Tackling the Climate Crisis at Home and Abroad1; and/or

5. All changes in anticipated revenue associated with the expansion of customer-owned solar in TVA service territory, by businesses or homeowners.

23. On August 20, 2021 TVA responded to this FOIA request by seeking further information regarding the Center's entitlement to a fee waiver.

24. On September 15, 2021 the Center submitted a letter further documenting that the Center satisfied the statutory criteria for a fee waiver, and on January 11, 2022 TVA informed the Center that TVA had accepted the fee waiver request.

25. On April 7, 2022 TVA responded to this FOIA request by releasing some records that were already largely available to the public. TVA also informed the Center that it had collected almost nine thousand pages of additional responsive records, contained in almost two hundreds separate documents, but that TVA was withholding the entirety of all these pages.

26. TVA claimed that it was entitled to withhold every word and number on every one of these pages because releasing any of them "would have a chilling effect on open and frank discussion and exchange of information within TVA," invoking the deliberative process

privilege of FOIA exemption 5. TVA also asserted that some of the records contained confidential customer information protected by FOIA exemption 4. TVA's letter informed the Center that it could appeal the decision within ninety days.

27. On June 23, 2022 the Center administratively appealed TVA's response, explaining that TVA had failed to adequately explain the bases for withholding almost nine thousand pages of responsive records in their entirety. The Center detailed the legal tests for exemptions 4 and 5 that TVA had failed to satisfy, and further argued that, at minimum, TVA must release segregable portions of otherwise exempt records. As the Center explained, particularly since the FOIA Request focused on factual data and reports, TVA had not demonstrated that no portion of any record could be released without implicating TVA deliberations.

28. On July 22, 2022 TVA denied the administrative appeal. Reiterating its original denial, TVA conclusory asserted that release of any portion of any of the almost nine thousand pages of withheld records would so harm TVA officials candid deliberations that nothing could be released pursuant to FOIA exemption 5. TVA took the same position with regard to all the records and portions of records being withheld under exemption 4. Finally, TVA refused the Center's request for additional details as to the bases for these determinations, claiming that nothing further is required unless and until a lawsuit is filed.

# PLAINTIFF'S CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF

<u>Failure to Conduct Adequate Searches for Records Responsive to the Center's FOIA Requests</u>

29. Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

30. The Center has a statutory right to have TVA process its FOIA requests in a manner that complies with FOIA. *Id.* § 552(a)(3).

31. TVA is violating the Center's rights in this regard by unlawfully failing to complete a search reasonably calculated to locate all records responsive to the Center's FOIA requests.

32. Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to TVA in the foreseeable future.

33. The Center's organizational activities will be adversely affected if TVA continues to violate FOIA's requirement to undertake a search reasonably calculated to locate records that are responsive to the Center's FOIA requests.

## SECOND CLAIM FOR RELIEF

<u>Failure to Release Records or Reasonably Segregable Portions of Any Lawfully Exempt Records</u>

34. Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

35. The Center has a statutory right to all non-exempt responsive records, and any reasonably segregable portion of a record that contains information that is subject to any of FOIA's exemptions. *Id.* § 552(b).

36. TVA is violating the Center's rights in this regard by unlawfully withholding records and/or reasonably segregable portions of any lawfully exempt records, if any, that are responsive to the Center's FOIA requests.

37. Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to TVA in the foreseeable future.

38. The Center's organizational activities will be adversely affected if TVA is allowed to continue violating FOIA's disclosure provisions.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that this Court:

1. Declare that TVA's failures to timely undertake searches for, and to promptly disclose to Plaintiff, all non-exempt records and/or portions of records responsive to Plaintiff's FOIA requests, as alleged above, are unlawful under 28 U.S.C. §§ 552(a)(3)(A), (a)(6)(A)(i).

2. Order TVA to conduct searches reasonably calculated to locate all records responsive to the Center's FOIA requests, utilizing a cut-off date for such searches that is the date the searches are conducted, and to promptly provide the Center with all non-exempt responsive records and reasonably segregable portions of lawfully exempt records sought in this action.

3. Award Plaintiff its costs and reasonable attorney fees pursuant to 5 U.S.C. § 552(a)(4)(E) or 28 U.S.C. § 2412.

4. Grant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

DATED: October 11, 2022

*/s/ Rachel L. Wolf*
Rachel L. Wolf
BPR 026034
Law Office of Rachel Wolf
706 Walnut Street, Suite 401
Knoxville, TN 37902
(865) 325-9653
Rlwolf.esq@gmail.com

*/s/ Howard M. Crystal*
Howard M. Crystal
D.C. Bar No. 446189
Center for Biological Diversity
1411 K Street N.W., Suite 1300
Washington, D.C. 20005
(202) 809-6926
hcrystal@biologicaldiversity.org
(*Pro hac vice applicant*)

*Counsel for Plaintiff*

10